■ In the Matter of FRANK P. GIARAMITA, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — In this proceeding to discipline respondent, a suspended attorney, upon charges of professional misconduct, respondent has submitted an affidavit dated December 15, 1982 in which he tenders his resignation as an attorney and counselor at law (see 22 NYCRR 691.9). Respondent was admitted to practice by this court on December 30, 1931. By order of this court dated December 11, 1978 (65 AD2d 144), respondent was suspended from the practice of law for a period of one year commencing January 1, 1979, and continuing until the further order of this court. No application for reinstatement has been made. Respondent is now charged with the following misconduct: grossly neglecting an estate matter entrusted to him; misrepresenting the status of the estate matter; failing to account for assets of the estate for a period of more than nine years; converting to his own use estate funds in the amount of approximately $11,000 for a period of more than nine years; submitting an affidavit to this court knowing it to be false; making a false representation to an attorney appointed by this court to inventory respondent's files; grossly neglecting another estate matter entrusted to him; converting estate funds in the amount of approximately $14,750 to his own use; representing patently conflicting interests in the sale of real property owned by the estate; defrauding his client and obtaining from his client approximately $14,750 by preparing and filing with the city register a deed which respondent knew bore respondent's false notarization and also knew it to contain forged signatures; falsely attesting on a deed that the four grantors had appeared before him and signed the deed in his presence as a notary public; and filing this bogus deed with the city register knowing that the signatures thereon had been forged. The respondent states in his affidavit that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress; that he is fully aware of the implication of submitting his resignation; and he acknowledges that he could not successfully defend himself on the merits against the charges contained in the petition. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name be struck from the roll of attorneys and counselors at law effective forthwith. Petition to discipline the respondent and the motion to enter a judgment on his default dismissed as academic. Mollen, P. J., Damiani, Lazer, Mangano and Gibbons, JJ., concur.